IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALI ABDUL HAKIM, | ) | CASE NO. 3:13 CV 969 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEVIN JONES, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this action by *pro se* petitioner Ali Abdul Hakim for a writ of habeas corpus under 28 U.S.C. § 2254[2] is a motion by the State to dismiss the petition as untimely.[3] Hakim has replied to the motion with an additional motion to compel an answer from the State.[4] For the reasons that follow, I recommend that the State's motion to dismiss be granted and Hakim's motion to compel be denied as moot.

## Facts

The facts relevant to the motion are not disputed or complex.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Donald C. Nugent in a marginal entry order dated May 8, 2013.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 13.

Hakim's conviction was affirmed by the Ohio appeals court on October 28, 2011.[5] Because Hakim's notice of appeal with the Supreme Court of Ohio was not filed within the required 45 days but was received by that court on December 14, 2011, the filing was not accepted.[6] A later motion for a delayed appeal was apparently mailed by Hakim on May 7, 2012, but not filed at the Ohio Supreme Court until December 20, 2012.[7] It was denied on February 6, 2013.[8] The present habeas petition was filed in this Court on April 19, 2013.[9]

The State in its motion asserts that Hakim's conviction was final on December 12, 2011, with the one-year habeas limitations period beginning to run the next day (December 13, 2011) and expiring on December 13, 2012 – or prior to Hakim filing his motion for delayed appeal with the Ohio Supreme Court on December 20, 2012.[10] The State argues that because there is no basis for statutory or equitable tolling, nor a demonstration of actual innocence, Hakim's petition should be dismissed as time-barred.

Hakim contends first that his petition is timely on its face because it was filed less than three months after the Ohio Supreme Court denied his motion for delayed appeal – the

---

[5] ECF # 13, Ex. 2 (12/15/11 letter from Supreme Court of Ohio to Hakim).

[6] *Id.*

[7] ECF # 12 (state court record) at 113-14.

[8] *Id.* at 138.

[9] ECF # 1 at 7. This is the date Hakim signed the petition and placed it into the prison mail system. The petition was actually docketed here on April 30, 2013.

[10] ECF # 11 at 10-11.

date, he claims, that his direct appeal became final.[11] He maintains further that he is entitled to equitable tolling because the reason he did not meet the 45-day time limit for his original notice of appeal to the Ohio Supreme Court was due to the fact that this notice took six days to go through the mail system to the Supreme Court in Columbus – an unavoidable result of circumstances beyond his control.[12]

Moreover, he argues that his medical condition – which he alleges involves "medication for []memory problems related to stages of dementia due to head trauma and mild retardation, as well as ...[a] major depressive disorder inhibiting [] motor and cognitive skills" – "restrict[ed]" his ability to prepare legal documentation.[13]

Finally, he asserts that he would not have missed the original 45-day deadline for filing an appeal with the Ohio Supreme Court if his court-appointed counsel had notified him of the appeals court decision earlier than he did.[14] Here, Hakim states that counsel informed him on November 26, 2011, of the appellate decision of October 28, 2011 – thus leaving Hakim with only 17 days to file a timely appeal with the Ohio Supreme Court.[15]

---

[11] ECF # 13 at 8.

[12] *Id.* at 9.

[13] *Id.* at 9-11.

[14] *Id.* at 11-12.

[15] *Id.* at 6.

## Analysis

**A.  Standard of review – statutory tolling**

The AEDPA requires that *habeas* petitions be filed within one year of the latest of four triggering dates set forth at 28 U.S.C. § 2244(d)(1). In this case, the threshold issue is whether Hakim timely filed his petition pursuant to 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1)(A) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...[16]

When a habeas petitioner does not file a petition for a writ of certiorari from the decision of the state court of last resort, "direct review" of the state court judgment concludes *after* the expiration of the 90-day period for filing for certiorari.[17]

Furthermore, in order to calculate the deadline pursuant to § 2244(d)(1)(A), the Court must account for collateral review of the petitioner's conviction.[18] As the United States Supreme Court stated in *Lawrence*, § 2244(d)(2) tolls the § 2244(d)(1)(A) limitations period

---

[16] Hakim does not argue that his petition is timely pursuant to any of the other subsections of 28 U.S.C. § 2244(d)(1).

[17] *See*, *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003).

[18] *See*, 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

"while a state prisoner seeks postconviction relief in state court."[19] Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[20]

This tolling period, however, does not include the 90-day period during which the petitioner could seek certiorari from the state court of last resort's denial of an application for postconviction relief; the tolling period is limited to the time between the filing of an application for postconviction relief and the date of the final state court decision resolving that application.[21]

**B.     Standard of review – equitable tolling**

The doctrine of equitable tolling allows courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidable arose from circumstanced beyond that litigant's control."[22] The Supreme Court has held that the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases."[23] However, the

---

[19] *Lawrence*, 549 U.S. at 331.

[20] 28 U.S.C. § 2244(d)(2).

[21] *Lawrence*, 549 U.S. at 337.

[22] *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

[23] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

doctrine of equitable tolling is used sparingly by federal courts.[24] The party seeking equitable tolling bears the burden of proving he is entitled to it.[25] A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing.[26]

**C.   Application of standards**

For the following reasons, I will recommend that Hakim's attempts to excuse his untimeliness be found unpersuasive.

First, as to statutory tolling, Hakim's contention that his conviction was not final until the Ohio Supreme Court finally denied his motion for a delayed appeal in February, 2013, misreads the Supreme Court's decision in *Jimenez v. Quarterman*.[27] As Judge O'Malley explained in the 2010 decision of *Foster v. Bobby*,[28] *Jimenez* holds that if the Ohio Supreme Court had granted the motion for the delayed appeal, it then would have restored the pendency of the direct appeal such that the petitioner's conviction would have remained open to future modification, and would not have been final until some later decision.[29] However, when the Ohio Supreme Court, as here, denies a motion for delayed appeal, *Jimenez* is

---

[24] *See*, *Graham-Humphreys*, 209 F.3d at 560.

[25] *See*, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[26] *See*, *Holland*, 560 U.S. at 649.

[27] *Jimenez v. Quarterman*, 555 U.S. 113 (2009).

[28] *Foster v. Bobby*, No. 07-CV-1303, 2010 WL 1524484 (N.D. Ohio April 15, 2010).

[29] *Id.*, at *4 n.3.

inapplicable.[30] Instead, the rule remains that: (1) a motion for delayed appeal is a motion for collateral review or post conviction relief that tolls the one-year limitations period while it is pending in the state court;[31] but (2) this tolling period for a properly filed motion for postconviction relief does not include an additional 90-day period within which the petitioner could have sought certiorari from the denial of the motion for delayed appeal.[32]

In this case, as the State points out, the one-year limitations period began to run on December 12, 2011 – or after the 45-day time period had elapsed for Hakim to directly appeal the October 28, 2011, decision of the Ohio appeals court affirming Hakim's conviction. First, Hakim's initial untimely filed notice of appeal on December 14, 2011, had no effect on the federal limitation period since a motion that is not properly filed under the state's own rules cannot toll the limitations period under § 2244(d)(2).[33] Further, the limitations period had already expired when Hakim's motion for delayed appeal was filed on December 20, 2012. Thus, statutory tolling under 28 U.S.C. § 2244(d)(2) does not apply here because, as is well-settled, tolling may only pause an as-yet unexpired limitations period; it cannot revive a period that has already expired.[34]

---

[30] *Id.* (citing cases).

[31] 28 U.S.C. § 2244(d)(2); *Lawrence*, 549 U.S. at 331.

[32] *Foster*, 2010 WL 1524484, at *2 (citing *Lawrence*, 549 U.S. at 337).

[33] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[34] *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003).

Next, as to equitable tolling, Hakim's several arguments are initially considered under the first prong of the two-part analysis set out in *Holland v. Florida* – due diligence in pursuing rights. Here, the uncontroverted facts are that Hakim received notice of the decision of the state appeals court 17 days before a notice of appeal needed to be filed.[35] Yet, Hakim took nearly two weeks to place a notice of appeal in the prison mail system[36] – a notice that ultimately did not timely arrive at the Ohio Supreme Court.

Hakim essentially argues here, as he did before the Ohio Supreme Court in his motion for delayed appeal, that if his appellate counsel had notified him sooner of the appeals court decision and/or if he had not been medically impaired, he would have been able to file his original notice of appeal within the 45-day time limitation.[37]

I note first that the 17-day notice afforded to Hakim is not comparable to the situation addressed by the Sixth Circuit in *Smith v. Ohio Department of Rehabilitation and Corrections*.[38] There, the Sixth Circuit found that providing notice of an appellate decision with only three days to perfect an appeal was constitutionally deficient performance by

---

[35] ECF # 13 at 6.

[36] *Id.* Hakim knew of the appeals court decision November 26, 2011, and placed the notice of appeal in the prison mail system on December 9, 2011.

[37] *See*, ECF # 12 at 120-22 (Hakim affidavit).

[38] *Smith v. Ohio Dept. of Rehab. & Corrs.*, 463 F.3d 426 (6th Cir. 2006).

counsel.[39] First, as Judge Polster recognized in *Plaza v. Hudson*,[40] *Smith* was not a case involving equitable tolling and so "its reasoning is not applicable" to the issue presented by equitable tolling.[41] Further, even if *Smith* was broadly or generally relevant to the question of how notice of an appeal impacts the diligence of a litigant in preparing a timely appeal, the fact is that Hakim received over five times more time than did the litigant in *Smith*. Even accounting for insuring that sufficient time is provided for the notice to go through the mail system,[42] Hakim still possessed 12 days to prepare his notice of appeal. Hakim has cited no authority holding that equitable tolling was found where that much time was available.

As to the claim that Hakim is entitled to equitable tolling because his medical condition required him to depend on the assistance of others, I note first that "'[i]llness – mental or physical – tolls the statute of limitations only if it actually prevents the sufferer

---

[39] *Id.* at 434-35.

[40] *Plaza v. Hudson*, No. 1:07-CV-674, 2008 WL 5273899 (N.D. Ohio Dec. 17, 2008).

[41] *Id.*, at *7 n.12.

[42] Here, as noted, Hakim's notice went from being placed in the internal prison mail system, through regular first-class delivery by the United States Postal Service, to final receipt at the Ohio Supreme Court in 6 days. ECF # 13 at 9. In *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003) the Sixth Circuit found that when a prisoner submits a filing to the prison mail system five days prior to a deadline for filing, any procedural default caused by the failure of delivery by the deadline could be excused. The Sixth Circuit recently re-emphasized that holding in *Henderson v. Palmer*, 730 F.3d 554, 560 (6th Cir. 2013). Even accepting that this rule arises in the context of excusing procedural default and not establishing diligence for purposes of equitable tolling, I observe that if Hakim had assumed five days for delivery of his notice of appeal, he still would have had 12 days to prepare the appeal – or four times as long as the three-day period criticized in *Smith*.

from pursuing his legal rights during the limitations period.'"[43] Thus, where a litigant does not actually do his own legal work but rather relies on others to do it for him, any disability suffered by the litigant necessarily "could not have impacted the timeliness of [his] filing."[44] Indeed, "[a]s a matter of law, reliance on others is not grounds for equitable tolling."[45]

In fact, as the State notes, with more than two weeks to act, Hakim might have sought an extension of time for filing his appeal if he was at all unsure of his ability to meet the deadline, instead of "entrust[ing] the perfection of the appeal to a prison aide" – a choice that Hakim must be responsible for making.[46] In addition, it is not proof of diligence that Hakim waited approximately a year after failing to timely file his appeal to even seek a delayed appeal.

Accordingly, I recommend concluding that Hakim has not shown that he was diligent in pursuing his right to appeal within the 17-day period afforded to him between receiving notice of the state appellate decision and the deadline for filing an appeal from that decision as is required to establish a right to equitable tolling. Further, Hakim has not shown that any extraordinary circumstance stood in the way of making a timely filing with the Ohio Supreme

---

[43] *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) (quoting *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005)).

[44] *Id.*

[45] *Brewster v. Easterling*, No. 3:09-0491, 2011 WL 6033050, at *3 (M.D. Tenn. Dec. 2, 2011) (citing *Solomon v. United States*, 467 F.3d 928, 933-34 (6th Cir. 2006)).

[46] ECF # 11 at 23-24.

Court and so timely filing his federal habeas petition. Finally, Hakim has made no attempt at a showing of actual innocence.

Thus, I recommend finding that Hakim's present petition for habeas relief is untimely, and that untimeliness is not excused by statutory or equitable tolling, nor by making a credible showing of actual innocence.[47]

## Conclusion

Therefore, for the reasons stated above, I recommend that the State's motion to dismiss the habeas petition of Ali Abdul Hakim as time-barred[48] be granted and that the petition be dismissed. For the same reasons, if the State's motion to dismiss is granted, I recommend that Hakim's motion to compel discovery[49] be denied as moot.

Dated: February 13, 2014                s/ William H. Baughman, Jr.
                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[50]

---

[47] *See*, *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).

[48] ECF # 11.

[49] ECF # 13.

[50] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).