IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALI ABDUL HAKIM, | ) CASE NO. 3:13 CV 969 |
| Petitioner, | ) JUDGE DONALD C. NUGENT |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| KEVIN JONES, | ) |
| Respondent. | ) **REPORT AND RECOMMENDATION** |

## Introduction

Before me by referral[1] in this action by Ali Abdul Hakim for a writ of habeas corpus under 28 U.S.C. § 2254[2] is a request by Hakim for equitable tolling.[3] The State has replied in opposition to granting equitable tolling,[4] and Hakim has responded.[5] For the reasons that follow, I recommend finding that Hakim is entitled to equitable tolling and, therefore, that the State's motion to dismiss[6] should be denied.

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Donald C. Nugent in a non-document order entered May 8, 2013.

[2] ECF # 1.

[3] ECF # 36.

[4] ECF # 37.

[5] ECF # 38.

[6] ECF # 11.

**Facts**

A more extensive review of the underlying facts is found in a prior report and recommendation addressing the State's motion to dismiss Hakim's petition as untimely.[7] Following my recommendation to dismiss,[8] and the adoption of that recommendation by the District Judge,[9] Hakim appealed that ruling.[10]

In considering the sole question of whether Hakim is entitled to equitable tolling of the statute of limitations period from May 7, 2012 until February 6, 2013,[11] the Sixth Circuit eliminated any basis for equitable tolling based on actual innocence, dilatory actions by his appellate attorney and alleged mental defects.[12] But the Court found that while the District Court "understandably" did not consider the argument since it was not explicitly made to this Court, Hakim may nevertheless be entitled to equitable tolling because of actions of the prison mail room could have been responsible for the delay in getting Hakim's material to the Ohio Supreme Court in a timely manner.[13] The Sixth Circuit remanded so that this Court

---

[7] ECF # 14.

[8] *Id*.

[9] ECF # 18.

[10] ECF # 20.

[11] ECF # 22.

[12] ECF # 24 at 3-4.

[13] *Id*. at 4-5.

could adjudicate that issue "in the first instance."[14]

The issue here is a straightforward, and the underlying facts are not in dispute. As stated by the Sixth Circuit, Hakim claims that his application for a delayed appeal to the Supreme Court of Ohio - an act that, if timely, may toll the running of the federal habeas time period[15] - was submitted to the prison authorities for mailing on May 7, 2012, when over six months remained in the limitations period.[16] But, that application was not filed at the Supreme Court of Ohio until December 20, 2012.[17] That court denied the application on February 6, 2013.[18] Hakim argues that he is entitled to equitable tolling for the seven-month period between the deposit of his application into the prison mail system and the date the Ohio Supreme Court actually filed the motion.[19]

In particular, Hakim now offers affidavits from two individuals - Hakim himself[20] and Daniel (Yusuf) McKinney,[21] a program aide assigned by the prison to assist Hakim with daily activities - both testifying that Hakim's filing with the Supreme Court of Ohio was placed

---

[14] *Id*. at 5.

[15] *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

[16] ECF # 24 at 2.

[17] *Id*.

[18] *Id*.

[19] *Id*. at 4.

[20] ECF # 36, Ex. B.

[21] ECF # 36, Ex. A.

into the prison mail system on May 7, 2012. Further, Steven Anderson, an inmate who was formerly housed at Allen Correctional Institution, testified that as member of a maintenance crew at the prison in mid-2012 he personally observed bags of unopened inmate mail in an outdoor dumpster, which, when reported, led to prison authorities retrieving ten bags of discarded, unmailed inmate mail from the trash.[22] This observation is consistent with the statement in the McKinney affidavit that "it was widely discussed among the inmates" in the relevant time period that the mail room at the prison "was not well-run and did not always send out inmate mail."[23]

Moreover, Hakim also points out that his commissary records from May 2012 reflect a charge for copying on May 7, 2012 - the same day he states that he submitted his material to the prison mail room.[24]

## Analysis

The applicable law on equitable tolling states that equitable tolling should be granted "sparingly,[25] and then only upon a showing that a petitioner (1) "has been pursuing his rights diligently" but that (2) "some extraordinary circumstance stood in his way"and prevented

---

[22] ECF # 36, Ex. C.

[23] ECF # 36, Ex. A.

[24] ECF # 37, Ex. 1.

[25] *Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006).

timely filing.[26] The Supreme Court of the United States has held that in establishing diligence, a petitioner need only show "reasonable diligence," and that it is not necessary to show "maximum feasible diligence."[27] It is the petitioner who bears the burden of showing an entitlement to equitable tolling.[28]

Here, Hakim has furnished his own affidavit, as well as that of Daniel (Yusuf) McKinney, attesting to Hakim submitting his motion for delayed appeal in a timely fashion to the prison mail room. That fact is circumstantially supported by the evidence from Hakim's prison commissary financial statement showing that Hakim withdrew funds for copying that document on the day it was handed over to the prison mail room. Neither the two affidavits, nor the evidence of the commissary financial statement, are directly contradicted by any evidence from the State.

Moreover, Hakim has also furnished the uncontradicted affidavit of inmate Steven Anderson stating that the prison mail room during the time at issue had thrown away bags of prisoner mail - unopened and never sent - before that fact was noticed and authorities were able to recover the mail.

For its part, the State characterizes the evidence submitted by Hakim as "bare speculation that mail room issues may have impacted Hakim's filing," asserting instead that

---

[26] *Holland v. Florida*, 560 U.S. 631, 649 (2010)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

[27] *Id*. at 653 (citations omitted).

[28] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

-5-

"Allen Correctional [Institution] efficiently processes outgoing mail."[29]

## Conclusion

Hakim has met his burden of showing (1) that he was diligent in pursuing his right to file for a delayed appeal with the Supreme Court of Ohio, but (2) that extraordinary circumstances beyond Hakim's control - the actions of the prison mail room - prevented him from timely filing that motion for a delayed appeal. Accordingly, Hakim is entitled to equitable tolling for the period May 7, 2012 through February 6, 2013. I therefore recommend finding that Hakim's petition for federal habeas relief is timely, and that the State's motion to dismiss[30] be denied.

Dated: May 30, 2017                           s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[31]

---

[29] ECF # 37 at 8.

[30] ECF # 11.

[31] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).