UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAKIM, | ) | CASE NO. 3: 13 CV 969 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>ORDER ADOPTING REPORT</u> |
| | ) | <u>AND RECOMMENDATION</u> |
| JAMES HAVILAND, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William Baughman, Jr., addressing Petitioner's request for a writ of habeas corpus. (ECF #53). Petitioner timely filed objections to the Report and Recommendation. (ECF # 54). The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b), and finds that the conclusions of the Report and Recommendation should be ADOPTED, with some minor clarifications.

Magistrate Baughman found that the sole remaining ground for habeas corpus action brought by Mr. Hakim pursuant to 28 U.S.C. § 2254 was a claim that had been procedurally defaulted and that, consequently, it should be dismissed. Petitioner objects, claiming that the same facts

which supported this Court's determination that the deadline for Mr. Hakim's filing of this petition should be equitably tolled, support a finding that he should be excused from his procedural default.

The Court agrees with the Magistrate Judge's conclusion. As indicated in the Report and Recommendation, Mr. Hakim fairly presented his federal constitutional claim to the Ohio court of appeals, as required under 28 U.S.C. § 2254(d),[1] however, he failed to seek timely review of the appeals court decision by the Ohio Supreme Court, resulting in procedural default of the claim.

The Sixth Circuit, on its review of the timeliness of this habeas corpus petition set forth the relevant time line as such:

- The deadline for filing an appeal to the Ohio Supreme Court was 12/12/11.

- Mr. Hakim mailed his appeal on 12/9/11.

- The Ohio Supreme Court received the appeal, and deemed it filed on 12/14/11.[2]

- The Ohio Supreme Court dismissed the appeal on 12/15/11.

- Mr. Hakim claims to have mailed his delayed appeal on 5/7/12.

- The Ohio Supreme Court received the delayed appeal, and deemed it filed on 12/20/12.

- The Ohio Supreme Court denied Mr. Hakim's motion for delayed appeal on 2/6/2013.

- Mr. Hakim filed this habeas petition on 4/30/13.

(ECF # 23; ECF #1).

---

[1] The Ohio court of appeals considered this claim and found that the one-on-one identification procedure complained of was not impermissibly suggestive.

[2] The Ohio courts do not have a mailbox rule, and mailings are, therefore, deemed filed on the day they are received. *See State ex rel. Tyler v. Alexander*, 555 N.E.2d 966, 967 (Ohio 1990). Federal courts must defer to state courts' interpretations of state filing requirements. *Vroman v. Brigano*, 346 F.3d 598, 603-04 (6th Cir. 2003).

A habeas petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, or from the date in which an unconstitutional state created impediment to filing an application is removed. 28 U.S.C. § 2244(d)(1)(A), (B). The time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). As the Sixth Circuit found, Mr. Hakim's convictions became final on December 12, 2011, forty-five days after the court of appeals affirmed his convictions on direct appeal. The statute of limitations began to run on December 13, 2011. A timely motion for delayed appeal in Ohio may toll this period of limitations. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The Ohio Supreme Court did not accept his appeal as filed until after the one year statute of limitations for habeas relief had passed. This Court determined that the limitations period should be equitably tolled from May 7, 2012 through February 6, 2013, however, because Mr. Hakim attempted to file his request on May 7, 2012 and circumstances beyond his control prevented that filing from reaching the Ohio Supreme Court in a timely fashion. When this period is excluded, the petition for habeas relief falls within the one year statute of limitations and is considered timely.

The fact that Mr. Hakim's petition is timely, and the Court recognized that he exercised diligence when attempting to file his motion for delayed appeal, has no bearing, however, on whether his remaining claim was procedurally defaulted. Contrary to Petitioner's assertions in the Objections to the Magistrate's Report and Recommendation, the Court's decision on the equitable tolling of the limitations period for filing this action, and the recognition that his request for delayed appeal was not promptly filed due to circumstances beyond his control in the mail room, have no bearing on whether he timely filed his original appeal to the Ohio Supreme

Court. The Court recognized that Mr. Hakim attempted to file his request for delayed appeal in a timely fashion, but that problems in the mail room prevented his motion from getting to the Ohio Supreme Court on time. Mr. Hakim's alleged reasons for not timely filing his original appeal had nothing to do with the mail room problems, and made no reference to any attempt to perfect filing at an earlier time.

When determining whether the claim was procedurally defaulted, this Court looks to whether the Ohio Supreme Court was able to consider Mr. Hakim's claim on the merits, and, if not whether its inability to do so was caused by Mr. Hakim's violation of a state procedural rule. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). In this instance, the Ohio Supreme Court was not able to consider Mr. Hakim's claim because Mr. Hakim did not timely file his appeal, in violation of Ohio's procedural rules. The timing of the later request for delayed appeal is irrelevant to the Court's determination because the Ohio Supreme Court denied that motion, and we must give effect to the state's determination that there was not sufficient grounds to permit a delayed appeal.

The Report and Recommendation correctly addresses the reasons why the two day delay in filing the original appeal is not excused by the alleged delay in Mr. Hakim's notification of the court of appeals decision, or by the allegation that he required the assistance of an inmate aid to file his notice of appeal to the Ohio Supreme Court. There is no evidence that would support a finding that either of these proffered excuses prevented Mr. Hakim from perfecting his appeal two days sooner, within the required time frame for filing. The Report and Recommendation also correctly explains why the issues of exhaustion and equitable tolling are distinguishable from the analysis of procedural default.

Therefore, the Court adopts the Report and Recommendation of Magistrate Baughman, with

the above clarifications, and dismisses this petition with prejudice.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the

petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

IT IS SO ORDERED.

                                            /s/ Donald C. Nugent
                                            DONALD C. NUGENT
                                            Senior United States District Judge

DATED: February 4, 2019